# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE IVAN PEREZ ADAMES,**

      **Plaintiff,**

v.                                                 **Case No: 6:21-cv-1909-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his claim for Disability Insurance Benefits ("DIBs"), alleging March 14, 2018, as the disability onset date. (Doc. 30 at 1.) In a decision dated October 14, 2020, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 49.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the parties' memoranda (Docs. 30, 33, 36), and the applicable law. Upon consideration, the Court determines that the Commissioner's final decision is due to be reversed.

---

[1] On January 14, 2022, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 18.) Accordingly, the case was referred to the undersigned by an Order of Reference on January 20, 2022. (Doc. 19.)

## I. ISSUES ON APPEAL

Plaintiff asserts the following four issues on appeal:

1. Whether remand is required as the ALJ failed to translate all documents in the record from Spanish to English.

2. Whether the ALJ failed to properly address the severity of Mr. Adames's hearing impairment.

3. Whether the ALJ's mental RFC assessment is supported by substantial evidence.

4. Whether the ALJ properly evaluated the severity of Mr. Adames's subjective complaints.

(Doc. 30 at 4.)

## II. STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.   ANALYSIS

Plaintiff asserts that remand is required because several of Plaintiff's medical records were never translated from Spanish to English, including:

- Plaintiff's Function Report dated November 20, 2018 (Tr. 292–99) (Ex. 3E);

- Plaintiff's Pain Questionnaire dated November 28, 2018 (Tr. 300–01) (Ex. 4E);

- Portions of progress notes from Samuel L. Rivera Natal M.D. at Poliartralgias, dated October 2010 through October 2013 (Tr. 398–404, 406–407, 421) (Ex. 1F); and

- Office Treatment Records from Bufette Elmer Martinez Rivera PSC, regarding Plaintiff's depression, dated September 2018[2] to October 2018 (Tr. 611–20) (Ex. 14F).

(Doc. 30 at 4.) The Commissioner concedes that portions of the record were never translated from Spanish to English but asserts that Plaintiff has failed to show any prejudice because of this. (Doc. 33 at 5.)

The ALJ has a fundamental duty "to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). In determining whether a case should be remanded for lack of development of the record, the Court considers "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id.* at

---

[2] In looking at the record, it is difficult to read whether the visit was dated August 2018 or September 2018. (Tr. 618, 619, 620.) The Commissioner references this record as an August 2018 visit (Doc. 33 at 7) while Plaintiff references it as a September 2018 visit (Doc. 30 at 7). For purposes of consistency in this Order, the Court will refer to this as a September 2018 visit.

1423 (internal quotation marks omitted). To that end, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Id.*

Plaintiff attempts to show prejudice by arguing that the ALJ did not have the benefit of reviewing Plaintiff's Function Report (Exhibit 3E), dated November 20, 2018, and Pain Questionnaire (Exhibit 4E), dated November 28, 2018, because they were not translated to English. (Doc. 30 at 7); (Tr. 292–301). Plaintiff states that the ALJ was unable to compare these prior reports to Plaintiff's later Function Report, dated April 22, 2019, which the ALJ relied on extensively throughout the opinion. (Doc. 30 at 7); (Tr. 39, 40, 47.)

Additionally, Plaintiff asserts that Exhibit 14F, which also was not translated into English, "appears to contain psychiatric records." (Doc. 30 at 7.) Plaintiff states that because the ALJ found that Plaintiff had a severe impairment of "depressive disorder," but ultimately determined in the Residual Function Capacity ("RFC") that Plaintiff could "apply commonsense understanding to carry out detailed, but uninvolved written or oral instruction," this record is highly relevant. (Doc. 30 at 7); (Tr. 36, 40.) Plaintiff states that "[w]hether the documents that were not translated would have made a difference to these findings is unknown." (Doc. 30 at 7.) The Commissioner responds by arguing that this is not enough to show prejudice, and thus, Plaintiff has not demonstrated entitlement to a remand. (Doc. 33 at 5–7.)

Plaintiff applied for DIBs on November 12, 2018. (Tr. 34.) As such, the relevant period for establishing disability began on the alleged onset date, March 14, 2018, through his last insured date, March 31, 2024. (Tr. 34, 36); *see* 42 U.S.C. § 423(c). To be eligible for DIBs benefits, the claimant must be under a disability during the insured period. *Id.; Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("For DIB claims, a claimant is eligible for benefits where [ ]he demonstrates disability on or before the last date for which [ ]he [was] insured.") Therefore, three of the four sets of documents Plaintiff identified as untranslated undisputedly fall within the relevant time period—the November 2018 Function Report (Ex. 3E), the November 2018 Pain Questionnaire (Ex. 4E), and the late 2018 records of Martinez Rivera (Ex. 14F).[3]

In *Rivera v. Commissioner of Social Security,* the court found that because portions of Plaintiff's treating physicians' records were not translated from Spanish to English, "the ALJ could not competently assess the record to determine the extent of Plaintiff's symptoms" during the relevant time period. No. 21-CV-1498 (KHP), 2022 WL 3210441, at *9 (S.D.N.Y. Aug. 9, 2022). The court found prejudice as a result because "the untranslated portions . . . related to the severity of [plaintiff's] mental health symptoms during a key time period" despite some of the symptoms being discussed in English elsewhere in the record. *Id.* The court found it important that the ALJ be able to analyze "the severity and prevalence of . . . symptoms over the course of the full period at issue." *Id.*

---

[3] Plaintiff makes no specific argument relating to the records contained in Exhibit 1F from Poliartralgias, dated October 2010 through October 2013.

In a similar vein, the undersigned concludes that, because records from the relevant time period that related to Plaintiff's subjective complaints and identified severe impairments were not translated, Plaintiff has established prejudice, and the action should be remanded to the Commissioner. At least one record visit from September 2018 from Martinez Rivera, regarding Plaintiff's depression, was not translated and thus was not reviewed by the ALJ, despite the fact that the ALJ concluded that Plaintiff had a severe impairment of depressive disorder. (Tr. 36.)[4] Moreover, Plaintiff's Function Report and Pain Questionnaire from the relevant time period were not translated. As the court found in *Rivera*, despite the record in this case including a Function Report dated subsequent to the untranslated one as well as other mental health records in English, it is important that the ALJ be able to analyze "the severity and prevalence of . . . [Plaintiff's] symptoms over the course of the full period at issue." 2022 WL 3210441, at *9. Accordingly, the undersigned finds the existence of evidentiary gaps that result in prejudice, and the case must be remanded to the Commissioner for further development of the record.

Since the Court finds reversal is warranted based on the failure to fully translate relevant records, the undersigned need not consider Plaintiff's remaining arguments at this time. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (unpublished) (stating that the claimant's other assignments of error will not be discussed since the court already found grounds for reversal).

---

[4] The Commissioner states that the record from October 2018 was translated in the record at Tr. 885–89. (Doc. 33 at 7.)

## IV. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE