# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE IVAN PEREZ ADAMES,**

      Plaintiff,

v.                                                                                          Case No: 6:21-cv-1909-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

## ORDER

This cause comes before the Court on Plaintiff's Petition for Attorney Fees (the "Motion"), filed May 22, 2023. (Doc. 39.) Therein, Plaintiff seeks an award of $11,110.42 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), (*Id.* at 1), plus an additional $2,415.20 for its reply brief (Doc. 45 at 8), for a total fee award of $13,525.62. Defendant responded in opposition on June 26, 2023, as to Plaintiff's eligibility for fees only. (Doc. 42.) Thereafter, Plaintiff filed a permitted reply brief. (Doc. 45.) Upon consideration, the Motion is due to be granted in part.

I.    BACKGROUND

Plaintiff instituted this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"), who denied Plaintiff Social Security benefits. (Doc. 1.) Following briefing by the parties, the undersigned reversed the Commissioner's final decision and remanded the case for further proceedings. (Docs. 30, 33, 36, 37.) Judgment was then

entered in Plaintiff's favor. (Doc. 38.) Thereafter, Plaintiff filed the instant Motion. (Doc. 39.) Plaintiff attaches a Declaration from his counsel (Doc. 39-3) as well as an itemization of the hours rendered to support the fee application. (Doc. 39-2 at 11.) Plaintiff also attaches a copy of his Assignment of EAJA fees, which assigns his EAJA fees to his counsel, Sarah Bohr. (Doc. 39-1.)

II.   DISCUSSION

A. Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees, and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fee award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States, (2) the government's position was not substantially justified, (3) the claimant filed a timely application for attorney's fees, (4) the claimant had a net worth of less than $2 million when the complaint was filed, and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)). The only requirement in dispute here is whether the Commissioner's position was substantially justified.

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[1] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 666. Therefore, Plaintiff has ninety (90) days from the date of the entry of judgment to file an application for EAJA fees. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672. The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and therefore subject to an offset to satisfy any preexisting debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Plaintiff has otherwise satisfied four out of the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to

---

[1] A "sentence-four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

have prevailed since the Court entered a sentence four remand. (Doc. 37.) Further, the request for fees is timely since it was filed within 90 days from entry of the final judgment by the Clerk. (Docs. 38, 39); *Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. 2018). Additionally, Plaintiff avers that her net worth was less than two million dollars at the time of the filing of the Complaint. (Doc. 39 at 1.) Finally, the Court is not aware of any special circumstances that would make an award of fees unjust.

Therefore, the Court now looks to whether the Commissioner's position was substantially justified. The Commissioner has the burden of proof to demonstrate it was "substantially justified" in both law and fact, and Plaintiff asserts that Commissioner cannot do so here. *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). "The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'—i.e. when it has a reasonable basis in both law and fact." *Id.* (quoting *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995)). The Commissioner responds that there was a reasonable basis in both fact and law with respect to the positions taken. (Doc. 42.)

The undersigned's February 21, 2023, Order reversed the Commissioner's decision and remanded it for further proceedings because records during the relevant time period had not been translated from Spanish to English. (Doc. 37.) The Commissioner conceded that some records had not been translated but asserted that such failure was harmless error. (*Id.* at 3.) In reviewing the case, the undersigned emphasized the ALJ's obligation to develop a full and fair record and was not

persuaded by the Commissioner's argument that a failure to translate the documents was not prejudicial. (*Id.* at 3, 6.) Because the undersigned reversed on the first issue, it did not reach the remaining three issues presented by Plaintiff. (*See id.* at 2.)

The Commissioner asserts that case law states that the Commissioner may be affirmed even where gaps exist in the record. (Doc. 42 at 2–3 (citing cases).) But the undersigned is not persuaded because the Court made a finding of prejudice. Here, the record contained evidentiary gaps due to the presence of untranslated Spanish records during the relevant period, and it was prejudicial because the records were relevant to Plaintiff's mental issues. Therefore, the undersigned does not find that the Commissioner was substantially justified as to the first issue. Moreover, the undersigned did not reach the second, third, or fourth issues presented by Plaintiff, and therefore, does not find substantial justification as to these issues either. (Doc. 42 at 6–7.) As noted in the undersigned's Order, a court may remand on any issue without reaching other arguments on appeal. (Doc. 37 at 6.) The Commissioner does not point to any authority that requires the Court to substantively review the remaining issues raised by the Commissioner in determining whether its position was substantially justified despite a finding of reversible error as to one or more other issues.

Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable. The Commissioner did not object to the amount of fees Plaintiff requests, and therefore, the undersigned considers that portion of Plaintiff's Motion unopposed.

### B. Reasonableness of the Fee

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd*, 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1034 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill, experience, and reputation" in the area. *Id.* Second, the court evaluates the cost-of-living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-cv-319-J-

PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1304 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009).

Plaintiff's attorney expended 3.85 hours in 2021, 35.5 hours in 2022, and 18.0 hours in 2023, for a total of 57.35 hours in EAJA-related representation in this case. (Docs. 39-2 at 11; 45-1.) After reviewing a description of the activities performed in relation to this matter, the Court determines that 57.35 hours is reasonable in this case. The majority of time was spent preparing Plaintiff's memorandum in support of her position. (Doc. 39-2 at 19.) Plaintiff's counsel spent the remaining hours on other tasks such as preparing the instant Motion. (*Id.*) Moreover, although the Court's decision reached only one issue that Plaintiff raised, ample authority exists to support awarding fees for all work done on the case. *See, e.g.*, 28 U.S.C. § 2412(d)(1)(A) (allowing for attorneys' fees to the prevailing party unless the court finds that the government was substantially justified or other special circumstances exist); *cf. Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990) (finding that in order for the government's position

to be substantially justified, "all of the government's arguments" must possess a reasonable basis). Additionally, the Commissioner does not offer argument opposing the reasonableness of the fee award in this case (*see* Doc. 42), and the undersigned does not find that Plaintiff raised frivolous issues or otherwise failed to focus the issues before the Court.

With regard to the hourly rate, Plaintiff is requesting an award of $217.54 per hour for 2021, $234.95 per hour for 2022, and $241.52 per hour for 2023. (Docs. 39-2 at 13; 45 at 8.) Based on the Court's knowledge, the market rate for similar services provided by lawyers of comparable skill, experience, and reputation in the Orlando area exceeds $125 per hour. Additionally, an increase in the cost of living from 1996, when the statutory rate was established, to when Plaintiff's counsel performed her work on this case justifies an upward adjustment from $125.

However, the Court finds that using the CPI for the Southern region of the United States most accurately reflects the increase in the cost of living in the Orlando area, as opposed to the rates proposed by Plaintiff. *See Zapata-Reyes v. Comm'r*, No. 6:18-cv-00976-PGB-EJK, Doc. 29 at 5–6 (M.D. Fla. Oct. 4, 2019); *Alzamora v. Comm'r*, No. 6:18-cv-00618-CEM-EJK, Doc. 28 at 5–6 (M.D. Fla. Oct. 4, 2019). Since Plaintiff's counsel performed work in this case in 2021, 2022, and 2023, the Court will use the average CPI from each year in calculating the appropriate hourly rate. According to the United States Department of Labor, the 1996 average CPI for all urban consumers in the Southern region was 153.6, in 2021 it was 261.259, in 2022 it

was 283.666, and in 2023 it was 294.479.[2] Accordingly, the adjusted hourly rates should be $212.61 for 2021, $230.85 for 2022, and $239.65 for 2023. Thus, the amount of attorney fees Plaintiff is entitled to is $13,327.33.

### III. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Petition for Attorney Fees (Doc. 39) is **GRANTED IN PART**, as set forth herein.

2. Plaintiff is entitled to an award of attorney fees in the amount of **$13,327.33**.

**DONE** and **ORDERED** in Orlando, Florida on August 21, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court calculated the CPI for 2023 by taking an average of the CPI from January 2023 through July 2023, which is the most recent month from which data is available.